AUGUSTUS W. WEINGARDT v. STEPHEN B. BILLINGS.

1. An attachment from the Circuit, given, for service, to a constable, who was not deputized by the sheriff, and a service by such constable, do not give the court jurisdiction over the property so seized.
2. A declaration filed in pursuance of such a proceeding should be quashed.
3. In such case, the tendering of a bond to the sheriff, which he refused to receive, will not estop the defendant from moving to quash the declaration.

Case certified by the Circuit Court of the county of Monmouth for advisory opinion.

Argued at February Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *James Steen.*

For the defendant, *Joseph Reilly.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was a suit by attachment. The writ was issued out of the Circuit Court of the county of Monmouth, and instead of being given to the sheriff, was, without any authorization by that officer, handed to a constable to be executed. The property of the defendant was seized and taken possession of by such last named officer, and thereupon the defendant in attachment executed a bond, according to the statute, to the sheriff of the county, the same being approved of by one of the justices of this court. This bond was delivered to the constable, and thereupon the property attached was surrendered to the defendant. The sheriff, being informed of these proceedings, refused to countenance them, or to return the writ of attachment.

In this posture of affairs, the plaintiff filed his declaration in the Circuit Court, and thereupon a motion was made, on behalf of the defendant, to quash the same.

Whether that application should be granted or refused, is the question that has been sent to this court for its opinion.

The proceedings thus brought to our consideration are, we think, so radically defective as to be devoid of all legal efficacy. In truth, the attachment was never legally issued, for when it was taken from the office there was no intention to deliver it to the sheriff. It was intended to be, and was, placed in the hands of a constable, who had no authority to serve it. The seizure of the defendant's property by a person thus unauthorized, was a naked trespass on his part, and on the part of all persons directing or participating in such unlawful action. The writ thus misused, neither could be, nor has it been, returned, and, consequently, there is nothing before the Circuit Court showing that such tribunal has jurisdiction in the case, as it does not appear that the defendant in attachment was possessed of property in the state.

With respect to the argument urged in the brief of the counsel of the plaintiff, that the issuing of the bond had the effect to waive all irregularities in the process and its service, the answer is, that no bond was, in point of law, ever given in this case. What was done was this: A bond was executed and tendered to the sheriff, but that officer refused to accept it, or to take any part in the proceedings. The acceptance of one of these instruments by the officer to whom it is made, is one of the essentials of its legal existence. The reception and approval of it by the constable and the attorney could not, in any degree, tend to vitalize it, as they were mere tort feasors.

In our opinion, the declaration should be quashed, and the Circuit should be so advised.